UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>CHARLES WARREN, et al.,<br><br>Respondents. | Civil Action No. 13-5845 (MAS)<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Petitioner Barry Williams's ("Petitioner") Motion to Expand the Record. (ECF No. 13.) It appearing that:

1. On September 30, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") with this Court. (ECF No. 1.)

2. On July 9, 2014, the Court ordered Respondents to file a full and complete answer to all claims asserted in the Petition. (ECF No. 2.)

3. On September 2, 2014, Respondents filed an Answer with 103 attachments, which presumably includes all records of the state court proceedings relevant to the Petition.

4. Petitioner filed the instant motion, arguing that the Answer failed to include a certain transcript from the state court record that Petitioner asserts is essential to the Court's review of the Petition. Respondents responded in opposition, claiming that said transcript is merely superfluous, and is not required for the Court to adequately review the state court decisions. (ECF No. 14.)

5. Rule 7 of the Rules Governing Section 2254 Cases gives the Court discretion to direct the parties to expand the record. Ordinarily, the Court may consider all of the record that was before the state court in reviewing a § 2254 petition. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

In the event that the Answer fails to include all relevant records from the state court proceedings, the Court may order Respondents to furnish additional transcripts relevant to its review. *See* Rule 5(c) of the Rules Governing Section 2254 Cases. Application of Rule 7 is only necessary if the Court finds that evidence outside of the record before the state court is needed to adjudicate a habeas petition. *See* Advisory Committee Notes, Rule 7 of the Rules Governing Section 2254 Cases.

6. Here, the transcript Petitioner seeks to include in the record is already part of the record of the state court proceedings. (*See* ECF No. 13-1 at 10.) As such, Petitioner's request is not to expand the available record, but merely to supplement the Answer with other parts of the existing state court record that Petitioner contends are essential to the Petition. That is not a proper motion under Rule 7. If Petitioner wishes to have the Court consider the transcript in question as part of the Court's review of the Petition, Petitioner is free to submit such transcript to the Court for consideration.

IT IS therefore on this 19th day of May, 2015,

ORDERED that Petitioner's Motion to Expand the Record, (ECF No. 13), is hereby **DENIED**.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

2