***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARRY WILLIAMS, | : | |
| | : | Civil Action No. 13-5845 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES WARREN, et al., | : | |
| | : | |
| Respondents. | : | |

**SHIPP, District Judge**

Petitioner Barry Williams, confined at the East Jersey State Prison in Rahway, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for armed robbery and related crimes. Respondents have filed a Response, (ECF No. 8), and Petitioner has filed a Traverse, (ECF No. 16). The Court has considered the parties' submissions, as well as the relevant records of this case. For the reasons stated below, the Court denies the Petition as time-barred.

### I.   FACTUAL BACKGROUND

Petitioner was convicted, in a jury trial, of armed robbery and related crimes in the Superior Court of New Jersey. (Pet. 2, ECF No. 1.) He was sentenced to an imprisonment term of twenty-five years to life on December 19, 1996. *Id.* at 1. He appealed the conviction and sentence, and the state appellate court affirmed on October 19, 1998. *Id.* at 2. Certification was denied by the New Jersey Supreme Court on January 26, 1999. *Id.* at 3. Petitioner then filed for post-conviction relief ("PCR"). On July 27, 2000, the PCR trial court denied PCR. *Id.* at 4. Petitioner appealed,

and the PCR appeals court affirmed the denial on January 24, 2002. *Id.* at 5. Certification was denied by the New Jersey Supreme Court on May 20, 2002. *Id.*

Petitioner then filed *four* more PCR applications, all of which were ultimately denied: (1) his second PCR application was filed on September 19, 2002, and was denied on October 15, 2002, *State v. Williams*, No. PCR 09-06C, slip op. at 2 (N.J. Super. Ct. Law Div. Mar. 18, 2010), ECF No. 8-72; (2) his third PCR application was filed on March 28, 2006, and was denied on April 24, 2006, *id.*; (3) his fourth PCR application was filed on October 3, 2008, and was denied on November 18, 2008, *id.*; and (4) his fifth PCR application was filed on October 1, 2009, and was denied on March 18, 2010, *id.* at 2-3. There is no record that Petitioner appealed his second, third, and fourth denials, but he did appeal his fifth denial, which culminated in the New Jersey Supreme Court denying certification on January 16, 2013. (ECF No. 8-82.) The instant Petition, dated September 24, 2013, *id.* at 21, was filed on September 30, 2013.

## II. DISCUSSION

Respondents contend that the Petition is untimely. The Court agrees. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v.*

*Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, the "limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, there is no question that the Petition is statutorily untimely. Even if the Court finds that statutory tolling is warranted during the pendency of all five of Petitioner's PCR applications, Petitioner's one-year limitations period expired long ago, due to the extended periods of time that elapsed between PCR applications. For example, the second PCR application was denied on October 12, 2002, and the third application was not filed until March 28, 2006, almost three-and-one-half years later. The third application was denied on April 24, 2006, and the fourth application was not filed until October 3, 2008, more than two years later. Either one of these two delays would have caused the one-year limitations period for his federal habeas petition to run, regardless of any other delay. As such, the Court finds the Petition statutorily time-barred.

In the Traverse, Petitioner raises two arguments for equitable tolling. First, he argues that he should be granted equitable tolling because he "diligently" pursued his state court remedies. That argument is obviously without merit—as the above calculations show, Petitioner certainly was not diligent when he allowed gaps of three-and-one-half years and two years to occur between PCR applications. Filing five PCR applications in nine years does not equate to diligence.[1]

---

[1] The Court is unsure why there was a need to file five PCR applications. In fact, while for the purposes of this Opinion the Court assumes statutory tolling during the pendency of all five applications, it appears Petitioner would not be entitled to statutory tolling for at least one of the applications. *See Williams*, No. PCR 09-06C, slip op. at 2 (finding the fifth application untimely); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (finding that rejection of a PCR application as

4

Second, Petitioner "offers the conduct of his attorneys as the extraordinary circumstance that prevented petitioner from filing a timely federal petition." (Traverse 54, ECF No. 16.) However, Petitioner provides no explanation for that statement. Indeed, a review of the record shows that Petitioner had not been represented by an attorney since at least the conclusion of his first PCR application, on May 20, 2002. The Court cannot deduce how the conduct of his attorneys eleven years prior to the filing of the instant Petition constituted an extraordinary circumstance that *prevented* a timely filing of the instant Petition. "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Accordingly, the Court finds that equitable tolling is not warranted.

Petitioner also makes a cryptic statement in the Petition, that he "believe[s] the Habeas Corpus Court ha[s] a duty to ask the attorney to provide an explanation that is reasonable[, s]ince trial attorney, appellate attorney, and post conviction relief attorney apparently did absolutely

---

untimely by the state court renders the PCR application not "properly filed," thus ineligible for statutory tolling during the pendency of that application). This would, of course, further exacerbate the untimeliness problem.

nothing at all to aid [him]." (Pet. 20.) The Court construes this statement as arguing that the one-year limitations period should not apply at all to ineffective assistance of counsel claims. This, of course, is contrary to established case law; courts routinely dismiss habeas claims based on ineffective assistance of counsel as time-barred. *See, e.g., Day v. McDonough*, 547 U.S. 198, 203 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005); *Darden v. Sobina*, 477 F. App'x 912, 915 (3d Cir. 2012); *Garcia v. Bartkowski*, No. 11-3689, 2015 WL 857737, at *8-9 (D.N.J. Feb. 27, 2015); *Clark v. Ricci*, No. 08-3347, 2013 WL 5817655, at *4 (D.N.J. Oct. 29, 2013). Having found that the Petition is statutorily untimely, and that Petitioner is not entitled to equitable tolling, the Court denies the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court denies a certificate of appealability ("COA"). The habeas statute provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## IV. CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred, and a certificate of appealability is DENIED.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: 8/16/16